# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER NEALEY; ) | |
| BRIANNA WILSON NEALEY; ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER: |
| ) | JURY TRIAL DEMANDED |
| ) | |
| EXETER FINANCE, LLC; ) | |
| DEL MAR RECOVERY ) | |
| SOLUTIONS, LLC, ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

## COMPLAINT

COMES NOW the Plaintiffs, Christopher Nealey and Brianna Wilson Nealey, by and through undersigned counsel, and for their complaint against the Defendants state as follows:

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides in this District.

## STATEMENT OF THE PARTIES[1]

1. Plaintiff, CHRISTOPHER NEALEY, is over the age of nineteen (19) years old and is a resident of the city of Birmingham in Jefferson County, Alabama.

2. Plaintiff, BRIANNA WILSON NEALEY, is over the age of nineteen (19) years old and is a resident of the city of Birmingham in Jefferson County, Alabama. Mrs. Nealey is the spouse of Christopher Nealey.

3. Defendant EXETER FINANCE, LLC ("Exeter") is a foreign limited liability company formed under the laws of the State of Delaware. Exeter has a principal place of business in the State of Texas.

4. Defendant DEL MAR RECOVERY, LLC (hereinafter "Del Mar") is a foreign limited liability company formed under the laws of the State of Delaware. Del Mar is, upon information and belief, in the business of automobile repossessions and is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA") 15

---

[1] Plaintiff asserts that another entity, specifically a repossession company, was also involved in the wrongful repossession of Plaintiff's car. At this time, Plaintiff does not know the name of this entity as the driver of the repossession company fled the scene after the events made the basis of this lawsuit. Plaintiff intends to amend his Complaint to add this entity along with additional claims, specifically claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. once the identity of the entity that attempted the repossession in this matter has been ascertained.

U.S.C. § 1692a(6).

## STATEMENT OF FACTS

5. Plaintiff Brianna Wilson Nealey entered into a security agreement for the purchase of a 2016 Chevrolet Malibu ("the Vehicle") with Defendant Exeter. Plaintiff Christopher Nealey was not a party to this security agreement.

6. The Vehicle provided the security interest for the security agreement between Brianna Wilson Nealey and Exeter.

7. At some point prior to August 6, 2019, Plaintiff Brianna Wilson Nealey allegedly breached the terms of the security agreement and Exeter arranged for Del Mar to take non-judicial self-help action in order to take possession of the Vehicle. Upon information and belief Del Mar then hired an as yet unknown third party to actually conduct the non-judicial self-help repossession of the Vehicle.[2]

8. At the time of the incidents made the basis of this lawsuit, Del Mar and its employees/agents were operating as agents for Exeter.

9. The alleged debt of Brianna Wilson Nealey claimed by the

---

[2] As stated previously, the Plaintiffs do not know the identity of the repossession company hired or retained by Del Mar to actually conduct the repossession. Once the identity of this entity is ascertained, Plaintiffs will promptly amend this complaint.

Defendants was incurred for personal, family or household services and is a "debt" as defined by the FDCPA at 15 U.S.C. § 1692a(5).

10. Del Mar regularly collects or attempts to repossess or collect debts/security interests owed or due or asserted to be owed or due to another.

11. Del Mar and its employees or agents are debt collectors subject to the provisions of the FDCPA.

12. In the course of attempting to take possession of the Vehicle from the Plaintiff Del Mar and its agents or employees acted in a manner which violated the FDCPA.

13. In the course of repossessing the Vehicle on the evening of August 6-7, 2019, Del Mar's agents or employees engaged in conduct that caused or allowed the peace to be breached.

14. Specifically, Del Mar's agents or employees arrived at Plaintiffs' home on the evening of August 6-7 with the intent to repossess the Vehicle. In the course of repossessing the vehicle, Plaintiff Christopher Nealey came outside of his home in order to ascertain what was going on in his driveway. As he approached the tow truck and demanded to know what was going on, the tow truck attempted to

pull away with the Vehicle. However, the Vehicle was not hooked up to the tow truck correctly. As a result, the Vehicle became unhooked and traveled down Plaintiffs' driveway where it crashed into Plaintiffs' home causing significant damage to the home and causing the Vehicle to be rendered a total loss. Additionally, a separate vehicle parked in the garage suffered significant damage. After the Vehicle was destroyed and his home was significantly damaged, Plaintiff Christopher Nealey went into his home to retrieve his telephone in order to call law enforcement. During this time the tow truck driver, acting as an agent or employee of Del Mar, backed the tow truck up again ostensibly in an effort to continue the repossession despite the egregious breach of the peace. However, when Plaintiff came back outside with his phone, the tow truck driver, acting as an agent or employee of Del Mar, fled the scene before law enforcement could arrive to investigate.

15. As a result of the wrongful conduct of Del Mar's agents or employees, Plaintiffs were caused to suffer damages.

## COUNT ONE
## (NEGLIGENCE)

16. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendants were under a duty to not breach the peace and to not harm Plaintiffs or their property in and about their efforts to use non-judicial self-help in repossessing the Vehicle. Further, Del Mar or its agents or employees negligently failed to property hook up the Vehicle to the tow truck.

18. The Defendants breached their duties owed to the Plaintiffs.

19. At all times pertinent, Del Mar was acting as the agent of and for the benefit of Defendant Exeter. Del Mar's acts and omissions were undertaken in the line and scope of the principal/agent relationship that existed between Del Mar and Exeter. Further, repossessing a vehicle with non-judicial self-help constitutes a non-delegable duty. For these reasons, Exeter is liable to the Plaintiffs directly pursuant to the doctrine of *respondeat superior*.

20. As a result of Defendants' negligence, Plaintiffs were caused to suffer damages including but not limited to: property damage,

inconvenience, physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

21. Wherefore, Plaintiffs seek judgment in their favor against Defendants for compensatory damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT TWO
## WANTONNESS

22. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendants wantonly breached the peace in the course of attempting to repossess the Vehicle.

24. Defendants further acted wantonly when, after breaching the peace in and about their attempts to repossess the Vehicle on behalf of Defendant Exeter, Del Mar's employees and agents continued to attempt to repossess the Vehicle and then fled the scene.

25. At all times pertinent, Del Mar was acting as the agent of and for the benefit of Defendant Exeter.  Del Mar's acts and omissions were undertaken in the line and scope of the principal/agent relationship

that existed between Del Mar and Exeter.  Further, repossessing a vehicle with non-judicial self-help constitutes a non-delegable duty. For these reasons, Exeter is liable to the Plaintiffs directly pursuant to the doctrine of *respondeat superior*.

26. As a result of Defendants' acts and omissions detailed herein, Plaintiffs were caused to suffer damages including but not limited to: property damage, inconvenience, physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

27. Wherefore, Plaintiffs seek judgment in their favor against Defendants for compensatory and punitive damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT THREE
## TRESPASS

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. At the time of the incidents made the basis of this lawsuit, Defendant Del Mar intentionally entered Plaintiffs' property without consent or,

alternatively, Del Mar's actions on Plaintiffs' property exceeded any authority it may have had to be upon Plaintiffs' property.

30. The illegal entries by Del Mar's employees or agents onto Plaintiff's property caused them harm.

31. At all times pertinent, Del Mar was acting as the agent of and for the benefit of Defendant Exeter. Del Mar's acts and omissions were undertaken in the line and scope of the principal/agent relationship that existed between Del Mar and Exeter. Further, repossessing a vehicle with non-judicial self-help constitutes a non-delegable duty. For these reasons, Exeter is liable to the Plaintiffs directly pursuant to the doctrine of *respondeat superior*.

32. As a result of Defendants' acts and omissions detailed herein, Plaintiffs were caused to suffer damages including but not limited to: property damage, inconvenience, physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

33. Wherefore, Plaintiffs seek judgment in their favor against Defendants for compensatory and punitive damages in such a sum as the jury may assess along with such other and further relief as may be necessary,

just and proper.

## COUNT FOUR
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AGAINST DEFENDANT DEL MAR

34. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant Del Mar is a debt collector as that term is defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

36. The foregoing acts and omissions of Defendant Del Mar and its employees and agents constitute a violation of the FDCPA, 15 U.S.C. § 1692f(6), with respect to Plaintiffs.

37. 15 U.S.C. § 1692f(6) prohibits taking any non-judicial action to effect dispossession of property if there is no present right to possession of the property.

38. Once Del Mar's employees or agents breached the peace, they lost any right to use non-judicial self-help to repossess the vehicle and violated the FDCPA.

39. As a direct and proximate result of the wrongful conduct visited upon him by Del Mar in its collection efforts, Plaintiffs were caused to suffer damages including but not limited to: property damage,

inconvenience physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

40. As a result of Defendant Del Mar's violations of the FDCPA, Plaintiffs are entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Del Mar.

## COUNT FIVE
## NEGLIGENT TRAINING AND SUPERVISION

41. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiffs.

43. The Defendants knew or should have known that said conduct was improper and violated the law.

44. The Defendants negligently failed to train and/or negligently failed to supervise their employees or agents in order to prevent said improper and illegal conduct.

45. Defendants negligently failed to train and supervise their employees with regard to repossessing vehicles.

46. As a result of Defendants' negligence, Plaintiffs were caused to suffer damages including but not limited to: property damage, inconvenience, physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

47. Wherefore, Plaintiffs seek judgment in their favor against Defendants for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT SIX
## RECKLESS AND WANTON TRAINING AND SUPERVISION

48. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiffs.

50. The Defendants knew or should have known that said conduct was improper and violated the law.

51. The Defendants recklessly and wantonly failed to train and/or recklessly and wantonly failed to supervise their employees or agents

in order to prevent said improper and illegal conduct.

52. Defendants recklessly and wantonly failed to train and supervise their employees regard to repossessing vehicles.

53. As a result of Defendants' reckless and wanton conduct, Plaintiffs were caused to suffer damages including but not limited to: property damage, inconvenience, physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

54. Wherefore, Plaintiffs seek judgment in their favor against Defendants for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT SEVEN
## INVASION OF PRIVACY

55. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiffs, namely, by unlawfully attempting to collect a debt and breaching the peace, causing significant property damage to Plaintiffs' home and property and

thereby invaded Plaintiffs' privacy.

57. Defendants and their agents intentionally or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of attempting to repossess the Vehicle when they knew or should have known that their efforts to repossess the Vehicle would harm Plaintiffs thereby invading and intruding upon Plaintiffs' right to privacy.

58. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and home.

59. The conduct of these Defendants and their agents, in engaging in the above-described illegal conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that same position.

60. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to punitive and actual damages in an amount to be determined at trial from Defendants.

61. At all times pertinent, Del Mar was acting as the agent of and for the benefit of Defendant Exeter. Del Mar's acts and omissions were

undertaken in the line and scope of the principal/agent relationship that existed between Del Mar and Exeter.  Further, repossessing a vehicle with non-judicial self-help constitutes a non-delegable duty. For these reasons, Exeter is liable to the Plaintiffs directly pursuant to the doctrine of *respondeat superior*.

62. Wherefore, Plaintiffs seek judgment in his favor against Defendants for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT EIGHT
## VIOLATION OF THE U.C.C. AGAINST DEFENDANT EXETER

63. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. Exeter's manner of repossessing the Vehicle was a breach of the peace in violation of Ala. Code § 7-9A-609.

65. As a proximate cause of Exeter's wrongful conduct, the Plaintiffs have been damaged.

66. Wherefore, Plaintiffs seek judgment in their favor against Exeter for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs claim damages of the Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief allowable by law and as this court deems proper and/or necessary.

<u>**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY**</u>

<u>/s/ *W. Whitney Seals*</u>
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFFS' ADDRESS:**
Christopher Nealey
Brianna Wilson Nealey
1666 English Knoll Lane
Birmingham, AL 35235

PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:

**DEL MAR RECOVERY SOLUTIONS, LLC**
C/O Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**EXETER FINANCE, LLC**
C/O Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104