FILED

2020 Jan-30  PM 01:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER NEALEY;**<br>**BRIANNA WILSON NEALEY,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br><br>**EXETER FINANCE LLC; DEL**<br>**MAR RECOVERY SOLUTIONS,**<br>**LLC; and TWENTY 4 SEVEN**<br>**RECOVERY, INC.;**<br><br>    **Defendants.** | **CIVIL ACTION NO.:**<br>**19-cv-01419-RDP** |

## REPORT OF PARTIES PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on the 24th day of January, 2019 by in-person conference. The following persons were present and participated in this Rule 26(f) conference, W. Whitney Seals representing the Plaintiffs, Christopher Nealey and Briana Wilson Nealey, hereinafter referred to as "The Nealeys," John W Johnson representing the Defendant, Exeter Finance LLC, hereinafter referred to as "Exeter," and representing the Defendant Del Mar Recovery Solutions, LLC, hereinafter referred to as "Del Mar," and David M. Wilson representing the Defendant Twenty 4 Seven Recovery, Inc., hereinafter

"Twenty 4 Seven."  The parties do not request a conference with the Court before entry of the Scheduling Order.  This report is being submitted without waiver of the parties' right to invoke arbitration.

1.  **Synopsis:** This case arises out of an alleged vehicle repossession attempt in which a vehicle rolled from a tow truck hook into the home in which the plaintiffs were occupants.  Plaintiff Brianna Nealey entered into a security agreement for the purchase of a 2016 Chevrolet Malibu with Defendant Exeter for which the vehicle served as a security interest.  There is no allegation that the she was not in default.  Rather, the plaintiffs' claim that the defendants are liable for negligence, wantonness, trespass, violation of the F.D.C.P.A. and U.C.C. and invasion of privacy as a result of the repossession attempt.  The defendants deny the plaintiffs' claims.

2.  This case should be ready for trial by **June 2021**. This case should take approximately four (4) days for trial excluding jury selection.

3.  The parties request a pre-trial conference in **May 2021**.

4.  **Discovery Plan:** The parties propose the following discovery plan:

> a. The parties generally agree that discovery will be needed on the nature and circumstances surrounding Plaintiff Briana Nealey's breach of the security agreement with Exeter, Exeter's arrangement with Del Mar regarding repossession of the vehicle, and Del Mar's arrangement with Twenty 4 Seven regarding repossession of the vehicle.

> b. The parties disagree regarding discovery on the following:

c. All discovery in this case should be commenced in time to be completed by **March 1, 2021**.

5.      **Initial Disclosures:** The parties will complete their Initial Disclosures required by Rule 26(a)(1) on or before **March 2, 2020**.

6.      The parties request until **July 1, 2020** to join additional parties and amend the pleadings without leave of Court.

7.      **Reports from Retained Experts are Due:**

a. The Nealeys will designate experts and provide expert reports by **October 1, 2020** and said experts will be made available and deposed by **November 1, 2020**.

b. Exeter and Del Mar will designate experts and provide expert reports by **December 1, 2020** and said experts will be deposed by **January 15, 2021**.

8.      **Pre-trial Disclosures:** Final list of witnesses and exhibits under 26(a)(3) will be due on or before **April 1, 2020**, with the parties having the limited ability to depose any witness not previously disclosed.

9.      **Discovery Limits:**

**Interrogatories:** Maximum of **60** Interrogatories from any party to any party are to be allowed; responses are due **45** days after service.

**Request for Admissions:** Maximum of **30** Request for Admissions from any party to any party are to be allowed; responses are due **45** days after service.

**Request for Production:** Maximum of **30** Request for Production of documents by each party to any other party; responses are due **45** days after service.

**Depositions:** Maximum of **5** depositions for each party are to be allowed; each deposition is limited to a maximum of **6** hours for each unless extended by agreement of the parties or following a request to the Court.

10.     All potential dispositive motions must be filed on or before **April 1, 2021**.

11.     Settlement cannot be evaluated prior to the parties being deposed and discovery has been conducted relative to The Nealeys' damages. Consideration can be given to mediation once the initial discovery has been completed.

12.     The parties do anticipate that discovery will include electronically stored information. The parties agree that any such electronically stored information shall be produced in a format that in recognizable and readable to any computer utilizing iOS or Windows and does not require a special program to access the information produced.  Such information shall be produced in its entirety, absent a motion for a protective order.

Done this the 30th day of January, 2020.

/s/ *W. Whitney Seals*
W. Whitney Seals
Attorney for Plaintiff


**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

/s/ Priscilla K. Williams
John W Johnson, II
Priscilla K. Williams
Attorneys for Defendants
Exeter Finance, LLC and Del Mar
Recovery Solutions, LLC

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20th Street North
Suite 1800
Birmingham, AL 35203
Telephone:  (205) 795-6588
Facsimile:   (205) 328-7234
jwjohnson@csattorneys.com

/s/ David M. Wilson
David M. Wilson
Attorney for Defendant
Twenty 4 Seven Recovery, Inc.

**OF COUNSEL:**
WILSON & BERRYHILL P.C.
One Metroplex Drive, Suite 250
Birmingham, Alabama 35209
Telephone: (205) 252-4441
Facsimile: (205) 252-0320
david@wilsonberryhill.com

5