

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER NEALEY; <br> BRIANNA WILSON NEALEY; <br><br> PLAINTIFFS, <br><br> v. <br><br><br> EXETER FINANCE, LLC; <br> DEL MAR RECOVERY <br> SOLUTIONS, LLC; TWENTY <br> 4 SEVEN RECOVERY, INC.; <br> PATRICK K. WILLIS <br> COMPANY, INC. d/b/a <br> AMERICAN RECOVERY <br> SERVICE, <br><br> DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 2:19-cv-01419-JHE <br> **JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT

COME NOW the Plaintiffs, Christopher Nealey and Brianna Wilson Nealey, by and through undersigned counsel, and for their second amended complaint against the Defendants state as follows:

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides in this District.

## STATEMENT OF THE PARTIES

1. Plaintiff, CHRISTOPHER NEALEY, is over the age of nineteen (19) years old and is a resident of the city of Birmingham in Jefferson County, Alabama.

2. Plaintiff, BRIANNA WILSON NEALEY, is over the age of nineteen (19) years old and is a resident of the city of Birmingham in Jefferson County, Alabama.  Mrs. Nealey is the spouse of Christopher Nealey.

3. Defendant EXETER FINANCE, LLC ("Exeter") is a foreign limited liability company formed under the laws of the State of Delaware. Exeter has a principal place of business in the State of Texas.

4. Defendant DEL MAR RECOVERY, LLC (hereinafter "Del Mar") is a foreign limited liability company formed under the laws of the State of Delaware.  Del Mar is, upon information and belief, in the business of automobile repossessions and is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA") 15

U.S.C. § 1692a(6).

5. Defendant Twenty 4 Seven Recovery, Inc. (hereinafter "Twenty 4 Seven") is a domestic corporation with a principal place of business in this District. Twenty 4 Seven is, upon information and belief, in the business of automobile repossessions and is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692a(6).

6. **Defendant Patrick K. Willis Company, Inc. d/b/a American Recovery Service (hereinafter "ARS") is a foreign corporation formed under the laws of the State of California and with a principal place of business in the State of California. ARS is, upon information and belief, in the business of automobile repossessions and is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692a(6).**

## STATEMENT OF FACTS

7. Plaintiff Brianna Wilson Nealey entered into a security agreement for the purchase of a 2016 Chevrolet Malibu ("the Vehicle") with Defendant Exeter. Plaintiff Christopher Nealey was not a party to

this security agreement.

8. The Vehicle provided the security interest for the security agreement between Brianna Wilson Nealey and Exeter.

9. At some point prior to August 6, 2019, Plaintiff Brianna Wilson Nealey allegedly breached the terms of the security agreement and Exeter arranged for Del Mar **and/or ARS** to take non-judicial self-help action in order to take possession of the Vehicle. Upon information and belief Del Mar then hired Defendant Twenty 4 Seven to actually conduct the non-judicial self-help repossession of the Vehicle.

10. At the time of the incidents made the basis of this lawsuit, **ARS,** Del Mar and Twenty 4 Seven and their employees/agents were operating as agents for Exeter.

11. The alleged debt of Brianna Wilson Nealey claimed by the Defendants was incurred for personal, family or household services and is a "debt" as defined by the FDCPA at 15 U.S.C. § 1692a(5).

12. **ARS,** Del Mar and Twenty 4 Seven regularly collect or attempt to repossess or collect debts/security interests owed or due or asserted to be owed or due to another.

13. **ARS,** Del Mar and Twenty 4 Seven and their employees or agents are debt collectors subject to the provisions of the FDCPA.

14. In the course of attempting to take possession of the Vehicle from the Plaintiff **ARS,** Del Mar and Twenty 4 Seven and their agents or employees acted in a manner which violated the FDCPA.

15. In the course of repossessing the Vehicle on the evening of August 6-7, 2019, **ARS's agents or employees and/or** Del Mar's agents or employees and/or Twenty 4 Seven's agents or employees engaged in conduct that caused or allowed the peace to be breached.

16. Specifically, **ARS's agents or employees and/or** Del Mar's agents or employees or Twenty 4 Seven's agents or employees arrived at Plaintiffs' home on the evening of August 6-7 with the intent to repossess the Vehicle.  In the course of repossessing the vehicle, Plaintiff Christopher Nealey came outside of his home in order to ascertain what was going on in his driveway.  As he approached the tow truck and demanded to know what was going on, the tow truck attempted to pull away with the Vehicle.  However, the Vehicle was not hooked up to the tow truck correctly.  As a result, the Vehicle became unhooked and traveled down Plaintiffs' driveway where it

crashed into Plaintiffs' home causing significant damage to the home and causing the Vehicle to be rendered a total loss.  Additionally, a separate vehicle parked in the garage suffered significant damage. After the Vehicle was destroyed and his home was significantly damaged, Plaintiff Christopher Nealey went into his home to retrieve his telephone in order to call law enforcement.  During this time the tow truck driver, acting as an agent or employee of **ARS, and/or** Del Mar and/or Twenty 4 Seven, backed the tow truck up again ostensibly in an effort to continue the repossession despite the egregious breach of the peace.  However, when Plaintiff came back outside with his phone, the tow truck driver, acting as an agent or employee of  **ARS, and/or** Del Mar and/or Twenty 4 Seven, fled the scene before law enforcement could arrive to investigate.

17. As a result of the wrongful conduct of **ARS, and/or** Del Mar and/or Twenty 4 Seven's agents or employees, Plaintiffs were caused to suffer damages.

## COUNT ONE
## (NEGLIGENCE)

18. Plaintiffs incorporate by reference all of the above paragraphs of this

Complaint as though fully stated herein.

19. Defendants were under a duty to not breach the peace and to not harm Plaintiffs or their property in and about their efforts to use non-judicial self-help in repossessing the Vehicle. Further, **the employees or agents of ARS, and/or** Del Mar and/or Twenty 4 Seven negligently failed to property hook up the Vehicle to the tow truck.

20. The Defendants breached their duties owed to the Plaintiffs.

21. At all times pertinent, **ARS,** Del Mar and Twenty 4 Seven acted as the agent**s** of and for the benefit of Defendant Exeter. **ARS,** Del Mar and Twenty 4 Seven's acts and omissions were undertaken in the line and scope of the principal/agent relationship that existed between **ARS,** Twenty 4 Seven**,** Del Mar and Exeter. Further, repossessing a vehicle with non-judicial self-help constitutes a non-delegable duty. For these reasons, Exeter is liable to the Plaintiffs directly pursuant to the doctrine of *respondeat superior*.

22. As a result of Defendants' negligence, Plaintiffs were caused to suffer damages including but not limited to: property damage, inconvenience, physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

23. Wherefore, Plaintiffs seek judgment in their favor against Defendants for compensatory damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT TWO
## WANTONNESS

24. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendants wantonly breached the peace in the course of attempting to repossess the Vehicle.

26. Defendants further acted wantonly when, after breaching the peace in and about their attempts to repossess the Vehicle on behalf of Defendant Exeter, **ARS's employees and agents and/or** Del Mar's employees and agents or Twenty 4 Seven's agents or employees continued to attempt to repossess the Vehicle and then fled the scene.

27. At all times pertinent, **ARS and/or** Del Mar and/or Twenty 4 Seven acted as the agent**s** of and for the benefit of Defendant Exeter.  **ARS's** Del Mar's and**/or** Twenty 4 Seven's acts and omissions were undertaken in the line and scope of the principal/agent relationship

that existed between **ARS,** Twenty 4 Seven**,** Del Mar and Exeter. Further, repossessing a vehicle with non-judicial self-help constitutes a non-delegable duty. For these reasons, Exeter is liable to the Plaintiffs directly pursuant to the doctrine of *respondeat superior*.

28. As a result of Defendants' acts and omissions detailed herein, Plaintiffs were caused to suffer damages including but not limited to: property damage, inconvenience, physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

29. Wherefore, Plaintiffs seek judgment in their favor against Defendants for compensatory and punitive damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT THREE
## TRESPASS

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. At the time of the incidents made the basis of this lawsuit, Defendant **ARS and/or** Del Mar and/or Twenty 4 Seven intentionally entered

Plaintiffs' property without consent or, alternatively, **ARS and/or** Del Mar and/or Twenty 4 Seven's actions on Plaintiffs' property exceeded any authority they may have had to be upon Plaintiffs' property.

32. The illegal entries by **ARS's agents or employees and/or** Del Mar's agents or employees or Twenty 4 Seven's agents or employees onto Plaintiffs' property caused them harm.

33. At all times pertinent, **ARS,** Del Mar and/or Twenty 4 Seven acted as the agent of and for the benefit of Defendant Exeter. **ARS's,** Del Mar's and Twenty 4 Seven's acts and omissions were undertaken in the line and scope of the principal/agent relationship that existed between **ARS,** Twenty 4 Seven**,** Del Mar and Exeter. Further, repossessing a vehicle with non-judicial self-help constitutes a non-delegable duty. For these reasons, Exeter is liable to the Plaintiffs directly pursuant to the doctrine of *respondeat superior*.

34. As a result of Defendants' acts and omissions detailed herein, Plaintiffs were caused to suffer damages including but not limited to: property damage, inconvenience, physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

35. Wherefore, Plaintiffs seek judgment in their favor against Defendants for compensatory and punitive damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

**COUNT FOUR**
**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AGAINST DEFENDANTS ARS, DEL MAR AND TWENTY 4 SEVEN**

36. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendants **ARS,** Del Mar and Twenty 4 Seven are "debt collectors" as that term is defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

38. The foregoing acts and omissions of Defendants **ARS and its agents or employees,** Del Mar and its agents or employees or Twenty 4 Seven and its agents or employees constitute a violation of the FDCPA, 15 U.S.C. § 1692f(6), with respect to Plaintiffs.

39. 15 U.S.C. § 1692f(6) prohibits taking any non-judicial action to effect dispossession of property if there is no present right to possession of the property.

40. Once **ARS and its agents or employees**, Del Mar's employees or

agents and/or Twenty 4 Seven's agents or employees breached the peace, they lost any right to use non-judicial self-help to repossess the Vehicle and violated the FDCPA.

41. As a direct and proximate result of the wrongful conduct visited upon Plaintiffs by **ARS,** Del Mar and/or Twenty 4 Seven in their collection efforts, Plaintiffs were caused to suffer damages including but not limited to: property damage, inconvenience physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

42. As a result of Defendant **ARS,** Del Mar, and Twenty 4 Seven's violations of the FDCPA, Plaintiffs are entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants **ARS,** Del Mar and Twenty 4 Seven.

## COUNT FIVE
## NEGLIGENT TRAINING AND SUPERVISION

43. Plaintiffs incorporate by reference all of the above paragraphs of this

      Complaint as though fully stated herein.

44. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiffs.

45. The Defendants knew or should have known that said conduct was improper and violated the law.

46. The Defendants negligently failed to train and/or negligently failed to supervise their employees or agents in order to prevent said improper and illegal conduct.

47. Defendants negligently failed to train and supervise their employees with regard to repossessing vehicles.

48. As a result of Defendants' negligence, Plaintiffs were caused to suffer damages including but not limited to: property damage, inconvenience, physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

49. Wherefore, Plaintiffs seek judgment in their favor against Defendants for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT SIX
## RECKLESS AND WANTON TRAINING AND SUPERVISION

50. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiffs.

52. The Defendants knew or should have known that said conduct was improper and violated the law.

53. The Defendants recklessly and wantonly failed to train and/or recklessly and wantonly failed to supervise their employees or agents in order to prevent said improper and illegal conduct.

54. Defendants recklessly and wantonly failed to train and supervise their employees regard to repossessing vehicles.

55. As a result of Defendants' reckless and wanton conduct, Plaintiffs were caused to suffer damages including but not limited to: property damage, inconvenience, physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

56. Wherefore, Plaintiffs seek judgment in their favor against Defendants for damages in such a sum as the jury may assess along with such

other and further relief as may be necessary, just and proper.

## COUNT SEVEN
## INVASION OF PRIVACY

57. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiffs, namely, by unlawfully attempting to collect a debt and breaching the peace, causing significant property damage to Plaintiffs' home and property and thereby invaded Plaintiffs' privacy.

59. Defendants and their agents intentionally or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of attempting to repossess the Vehicle when they knew or should have known that their efforts to repossess the Vehicle would harm Plaintiffs thereby invading and intruding upon Plaintiffs' right to privacy.

60. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and home.

61. The conduct of these Defendants and their agents, in engaging in the above-described illegal conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that same position.

62. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to punitive and actual damages in an amount to be determined at trial from Defendants.

63. At all times pertinent, **ARS,** Del Mar and/or Twenty 4 Seven acted as the agent of and for the benefit of Defendant Exeter.  **ARS,** Del Mar **and/or** Twenty 4 Seven's acts and omissions were undertaken in the line and scope of the principal/agent relationship that existed between **ARS,** Twenty 4 Seven, Del Mar and Exeter.   Further, repossessing a vehicle with non-judicial self-help constitutes a non-delegable duty. For these reasons, Exeter is liable to the Plaintiffs directly pursuant to the doctrine of *respondeat superior*.

64. Wherefore, Plaintiffs seek judgment in their favor against Defendants for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT EIGHT
## VIOLATION OF THE U.C.C. AGAINST DEFENDANT EXETER

65. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. Exeter's manner of repossessing the Vehicle was a breach of the peace in violation of Ala. Code § 7-9A-609.

67. As a proximate cause of Exeter's wrongful conduct, the Plaintiffs have been damaged.

68. Wherefore, Plaintiffs seek judgment in their favor against Exeter for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs claim damages of the Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief allowable by law and as this court deems proper and/or necessary.

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

OF COUNSEL:
COCHRUN & SEALS, LLC
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**PATRICK K. WILLIS COMPANY, INC.**
**d/b/a AMERICAN RECOVERY SERVICE**
c/o Registered Agent
Mr. Joel Levy
2150 River Plz. Drive, Suite 450
Sacramento, CA 95833

## CERTIFICATE OF SERVICE

I hereby certify that on this the20 March 2020, the foregoing is electronically filed with the Clerk of the Court using the CM/ECF system, the CM/ECF system will send notification of such filing to the following:

| | |
|---|---|
| John W. Johnson, II. Esq. | David Wilson, Esq. |
| Priscilla K. Williams, Esq. | Wilson & Berryhill |
| Christian & Small | 1 Metroplex Drive, Ste. 250 |
| 505 North 20th Street, Ste. 1800 | (205) 252-4441 |
| Birmingham, AL 35203 | David@wilsonberryhill.com |
| Tel.  (205) 795-6588 | |
| Fax. (205) 328-7234 | |
| jwjohnson@csattorneys.com | |
| pkwilliams@csattorneys.com | |

　　　　　　　　　　　　　　　　　　　/s/W. Whitney Seals
　　　　　　　　　　　　　　　　　　　OF COUNSEL